■ In the Matter of Adigun S. Bakare, a Suspended Attorney, Respondent. Committee on Professional Standards, Petitioner. [825 NYS2d 383]—

Per Curiam. Respondent was admitted to practice by this Court in 1994. He maintained an office for the practice of law in Maryland, where he was admitted in 1998. Respondent has been suspended from practice in New York since 1999 for failure to comply with the attorney registration requirements (*Matter of Attorneys in Violation of Judiciary Law § 468-a*, 262 AD2d 702 [1999]).

By order dated August 22, 2006 (*Attorney Grievance Commn. of Md. v Bakare*, 394 Md 303, 905 A2d 840 [2006]), the Court of Appeals of Maryland disbarred respondent upon his consent. He admitted that he misappropriated funds from a real estate settlement trust account which he managed, and he used the funds for personal and business purposes.

We grant petitioner's unopposed motion for an order imposing reciprocal discipline (*see* 22 NYCRR 806.19) and we further conclude that respondent should be reciprocally disbarred (*see e.g. Matter of Cohen*, 282 AD2d 866 [2001]).

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).